| 31 | 727 |
| 41 | 332 |

</div>

ALBERT PICKETT v. EMMA A. PICKETT, et al.

SHERIFF'S SALE, Too Early. Where real estate is sold at sheriff's sale, a few minutes prior to the time at which the sale was advertised to take place, and at a grossly inadequate price, the sale may be set aside on motion of the defendant.

### Error from McPherson District Court.

AT the October Term, 1883, the district court overruled a motion by Albert Pickett to confirm a sheriff's sale of certain land to him, and sustained a motion to set aside the sale. These rulings Pickett brings here for review.

Frank G. White, for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This is a petition in error to reverse an order of the district court of McPherson county, overruling a motion to confirm a sheriff's sale, and sustaining a motion setting aside such sale.

It appears that the sheriff of the county, in pursuance of an order of sale, advertised a sale of certain real estate to

take place on October 15, 1883, at 1 o'clock P. M. On that day, and a few minutes prior to 1 o'clock P. M., the sheriff offered the land for sale. It was worth from $1,700 to $2,000. Only two persons bid thereon. The first bid was $600, by the attorney of the purchaser, who bid on the land for and at the request of the purchaser. The second bid was $620, by the purchaser himself, Albert Pickett, the present plaintiff in error, and the land was sold to him for that amount. This was all done before 1 o'clock in the afternoon of that day. The sheriff, however, testified that it was done four or five minutes after 1 o'clock, by his watch, which was set by a certain jeweler's time only three or four days before that time; and there was no other evidence tending to show that the sale took place at or after 1 o'clock; but at least three witnesses testified that the sale took place before 1 o'clock; other persons appeared at the time and place where the property was sold, just after the property was sold, and prior to 1 o'clock, who intended to bid on the land up to $1,600. The purchaser, Albert Pickett, who is now plaintiff in error, was one of the defendants in the court below. The present defendants in error were the other defendants in the court below, and they are the parties who objected to the confirmation of the sheriff's sale, and who moved to set the same aside.

We think the judgment of the court below is correct. The sale was irregular and evidently unfair, and the property was sold at a grossly inadequate price.

The order of the court below, setting aside the sale, will be affirmed.

All the Justices concurring.